Opinion filed April 2, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 2,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00209-CR 

                                                    __________

 

                     MICHAEL RAY PETERSON-LISEMBEE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                               On Appeal
from the 9th District Court

 

                                                       Montgomery
County, Texas

 

                                             Trial
Court Cause No. 06-06-06258-CR                                             



 

                                  M E M O R A N D
U M   O P I N I O N

 The
jury convicted Michael Ray Peterson-Lisembee of twelve counts of possession and
two  counts of  promotion of child pornography.  The jury assessed his
punishment at five years for each of the possession offenses and at twenty
years for both of the promotion offenses.  We affirm.

                                                             I. 
Background Facts








 Law
enforcement officials received a tip from America Online (AOL) that suspected
child pornography had been e-mailed from one of their user=s accounts.  Sergeant
Michelle Stern, a criminal investigator with the Texas Attorney General=s Office, was asked to
conduct an investigation.  Sergeant Stern determined that child pornography had
been e-mailed, and she subpoenaed records from AOL.  These records identified
appellant as the account holder.

Sergeant
Stern obtained a search warrant for appellant=s
residence.  Appellant was not home when the search warrant was executed, but he
was located and was asked to meet Sergeant Stern for an interview.  Appellant
agreed to do so.  During the course of that interview, appellant admitted to
receiving unsolicited child pornography via e-mail but claimed that he deleted
it.  He also admitted to trading pornography over the internet but denied
trading child pornography. Appellant acknowledged that there was some child
pornography saved on his computer.  Sergeant Stern showed him the two images
that AOL had identified as possible child pornography that were sent from his
e-mail account.  Appellant admitted that one of the pictures was on his
computer, and he said that the second one might be there as well.

Law
enforcement officers seized a generic desktop computer and two CDs from
appellant=s bedroom
when they executed the search warrant.  Sergeant Lannes Hilboldt, an
investigator in the Texas Attorney General=s
Computer Forensic Unit, analyzed two hard drives removed from appellant=s computer and two CDs
removed from his bedroom.  Sergeant Hilboldt testified that he found child
pornography on one of the hard drives and on both of the CDs.

Appellant
moved to suppress.  Appellant argued that the search warrant affidavit was
insufficient because it relied upon unsworn information from AOL and because,
according to his expert, appellant=s
computer was not online when the child pornography was allegedly sent from his
account.  The trial court denied the motion.

                                                                       II. 
Issues

Appellant
challenges his conviction with a single issue, contending that his trial
counsel was constitutionally ineffective.

                                                           III. 
Standard of Review








To
determine if trial counsel rendered ineffective assistance, we must first
determine whether appellant has shown that counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for counsel=s errors. Strickland v.
Washington, 466 U.S. 668 (1984). We must indulge a strong presumption that
counsel=s conduct fell
within the wide range of reasonable professional assistance, and appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.  Stafford v. State, 813 S.W.2d
503, 508-09 (Tex. Crim. App. 1991).  An allegation of ineffective assistance must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson v. State,  9 S.W.3d 808, 814
(Tex. Crim. App. 1999).  Under normal circumstances, the record on direct
appeal will not be sufficient to show that counsel=s representation was so deficient and so
lacking as to overcome the presumption that counsel=s representation was reasonable and
professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

                                                        IV. 
Analysis

 
Appellant argues that his counsel was physically impaired and essentially asks
us to make a medical diagnosis by evaluating counsel=s conduct through our review of the trial
transcript.  We cannot do this for a number of reasons, including the fact that
appellant introduced no medical evidence through a motion for new trial or
otherwise.

Appellant
next identifies several specific actions that he alleges demonstrate
ineffective assistance: the lack of a plausible defensive theory, persistently
arguing that no search warrant existed even though one was introduced into
evidence, repeatedly making inexplicable chain of custody objections, having
limited knowledge of computers and the internet but not enlisting the help of
an expert, and expressing his disdain for appellant=s actions.  Many of these are unfair
characterizations of counsel=s
actions, but nonetheless Appellant presents nothing for our review because
there is no attempt to address Strickland=s second prong.  

Appellant
makes no argument that, but for his counsel=s
allegedly deficient performance, the results of the trial would have been any
different.  Indeed, he acknowledges that the State had overwhelming evidence of
his guilt B including
his own admissions to law enforcement officials.  This evidence forecloses
appellant=s claim of
ineffective assistance.  See Washington v. State, 771 S.W.2d 537, 545-46
(Tex. Crim. App. 1989) (even if counsel=s
failure to object was outside the range of professional competent assistance,
overwhelming evidence of defendant=s
guilt made this error harmless).  








We
note that appellant is critical of his counsel=s
objections to the State=s
evidence.  However, had counsel not challenged the search warrant or objected
to the State=s
evidence, appellant would surely contend that this was ineffective assistance,
and appellant offers no better objection or challenge now.  We also note that
counsel did attempt to develop a defense consistent with his client=s testimony.  Appellant
testified that he could not have transmitted the pornography as alleged because
of his work schedule and that he admitted to having child pornography on his
computer during his interview with Sergeant Stern because he thought they would
leave him alone if he told them what they wanted to hear.  Counsel tried to
show how the pornography could have been unwittingly downloaded while file
sharing, or when opening an unsolicited e-mail, or through a virus or Trojan
Horse.  Finally, counsel established that if someone else knew appellant=s AOL account and password,
they could log in as appellant and make it appear that he had sent an e-mail. 
Appellant offers no alternative theory.  Appellant=s issue is overruled.  

                                                         V. 
Holding 

 
The judgments of the trial court are affirmed.

 

 

RICK STRANGE

JUSTICE

 

April 2, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.